THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALLACE WILSON, Defendant-Appellant.

(No. 57812; ▉▉▉▉▉▉▉▉

First District (5th Division)—November 30, 1973.

Paul Bradley, Deputy Defender, of Chicago (Steven Clark, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman, Mariann Twist, and Nicholas P. Iavarone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

After a bench trial, defendant was found guilty of rape and was sentenced to a term of six to ten years. The rape was physically brutal and was committed on a 14-year-old girl. The force employed was the use of a knife held at her throat. Defendant does not contest the sufficiency of the evidence of his guilt. At the date of the alleged offense, defendant was 17 years old and he was 19 when tried.

Defendant raises only two issues on appeal: (1) He was denied equal protection of the law and (2) his sentence was excessive.

In his first point, defendant relies on Ill. Rev. Stat. 1971, ch. 37, par. 702—7(1), which provides, subject to certain exceptions, that no boy under the age of 17 and no girl under the age of 18 at the time of the alleged offense may be prosecuted under the criminal laws of the

State; thus, 17-year-old girls are treated as juveniles and 17-year-old boys are treated as adults by the court, a constitutionally impermissible result, according to defendant.

■■ This contention was rejected by the Illinois Supreme Court in *People v. McCalvin* (1973), 55 Ill.2d 161, and the relevant facts in the instant appeal do not differ materially from the facts in that case.

As to the contention of an excessive sentence, the minimum under the rape statute at the time of trial was four years. The Unified Code of Corrections, now in effect and applicable to this case on appeal, provides for Class 1 felonies, including rape, a minimum sentence of four years, unless the court, *"having regard to the nature and circumstances of the offense* and the history and character of the defendant, sets a higher minimum term." (Emphasis added.) (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(2).) The statute does not set forth a required ratio of maximum to minimum sentence for Class 1 felonies.

Defendant lived with his parents, but was married and had two children at the time of the offense; he had a high school education and had been employed; he had no previous criminal record and in the trial court he maintained his innocence even after the finding of guilty.

■■ There is no doubt as to the youth of defendant, and that this was his first conviction—factors which would mitigate in favor of the statutory minimum sentence of four years; on the other hand, there is also no doubt as to the extreme youth of the victim and the brutal "nature and circumstances of the offense"—factors which aggravate the crime in our opinion and constrain us to find that the trial court properly exercised its discretion in setting the minimum at six years.

The judgment and sentence are affirmed.

Affirmed.

DRUCKER, P. J., and LORENZ, J., concur.