THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM OLSON, Defendant-Appellant.

Fourth District   No. 4—92—0384

Opinion filed February 11, 1993.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant William Olson was charged with unlawful delivery of less than one gram of cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(d)) and unlawful delivery of between 15 and 100 grams of cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(a)(2)(A)). Defendant

pleaded guilty to the second charge and was sentenced to 15 years of imprisonment. The first charge was nol-prossed. Defendant appeals, contending (1) the trial court's questioning of him at the sentencing hearing was an abuse of discretion, (2) the trial court improperly used the results of a drug test as an aggravating factor at sentencing, and (3) he is entitled to $330 credit against his street-value drug fine. We affirm and remand with directions to the trial court to credit $330 toward the street-value fine.

When defendant's case was called for trial September 23, 1991, defendant informed the court he wished to plead guilty to count II. The factual basis to support the plea indicated defendant had sold 28.4 grams of cocaine to an undercover officer. The trial judge admonished defendant and accepted his plea. As a condition of defendant's release pending sentencing, the court ordered that defendant be tested to determine if he had recently used a controlled substance. Later that day defendant tested positive for marijuana and cocaine and was then incarcerated until the sentencing hearing.

At the sentencing hearing, defense counsel presented letters from defendant's girlfriend and her son as evidence in mitigation. The State presented no evidence beyond that in the presentence investigation report. After argument by counsel, defendant read a lengthy prepared statement to the court. The court then questioned defendant extensively about defendant's personal drug use and beliefs about drugs in general. The court inquired as to defendant's insistence that he was not a drug dealer and about defendant's failure to pursue rehabilitation while on bond. After reviewing the presentence investigation report, the trial court acknowledged that defendant had a long and impressive employment history. However, the court expressed concern over defendant's two prior convictions for delivery of a controlled substance in 1976. Of most concern to the court was defendant's rationalization and minimization of the significance of his behavior and the fact that defendant made no effort to deal with the problem or suggest he needed help until shortly before the sentencing hearing.

Defendant filed a motion to reconsider sentence which argued that he had not committed any offenses in the 15 years between his first conviction and the conviction in this case. Defendant stated that he had admitted his addiction to illegal substances and his need for treatment. Defendant argued that the evidence did not suggest he regularly or routinely provides or sells controlled substances, but rather that he provided drugs for a friend who solicited the drugs from him. The trial judge denied defendant's motion, stating he be-

lieved defendant was an experienced drug seller and that he found defendant's positive test for cannabis and cocaine to be the most aggravating factor in sentencing. This appeal followed.

■ Defendant first contends the trial court's extensive questioning was an abuse of discretion because it went beyond mere inquiry into the truth. Defendant failed to object to the court's questioning at the time it was made and did not raise the issue in his post-trial motion. In order to preserve for appeal an alleged error committed at *trial* a party must both make a contemporaneous objection and raise the issue a second time in a post-trial motion. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) However, *Enoch* did not involve a sentencing hearing or a post-sentencing motion. Where it is alleged that something occurred at *sentencing* which constituted error, it is only necessary that the matter be somehow brought to the attention of the trial court, by a contemporaneous objection if possible, otherwise by means of a post-trial motion. (*People v. Turner* (1992), 233 Ill. App. 3d 449, 456, 599 N.E.2d 104, 110; *cf. People v. Saldivar* (1986), 113 Ill. 2d 256, 266, 497 N.E.2d 1138, 1142 (not necessary to interrupt judge and point out he was considering wrong factors in aggravation).) No objection to the court's questioning was made in this case, either at the sentencing hearing or by means of a post-sentencing motion. Defendant argues the court's questioning constituted plain error under Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). The supposed error in this case was not in the admission of evidence but in the abandonment of a neutral role by the trial judge. Because of the important interests at stake we choose to address the issue even though it was not properly preserved for appeal.

■ We reject defendant's argument that the court's questioning was an abuse of discretion. In the absence of a claim of the privilege against self-incrimination, a trial judge may properly make inquiries of a defendant at a sentencing hearing, irrespective of whether defendant testifies or exercises his right of allocution. (*People v. Iseminger* (1990), 202 Ill. App. 3d 581, 599, 560 N.E.2d 445, 456.) Defendant correctly states that a judge may only question a defendant so as to elicit truth, not to be an advocate. Defendant cites *People v. Stephens* (1973), 12 Ill. App. 3d 215, 219, 297 N.E.2d 224, 227, which held the interrogation improper because it went beyond the realm of eliciting the truth of the witness' testimony and tended to discredit her. The court's examination of defendant in the instant case was not designed to discredit defendant's testimony but rather to expound upon facts and information already in the record. In addition, the court's inquiry in *Stephens* occurred during a jury trial rather

than, as here, a sentencing hearing. We have carefully reviewed the transcript and are not persuaded the trial court departed from its proper role in questioning defendant.

■ A defendant at a sentencing hearing still enjoys a privilege against self-incrimination. (*Estelle v. Smith* (1981), 451 U.S. 454, 462-63, 68 L. Ed. 2d 359, 368-69, 101 S. Ct. 1866, 1872-73 (no basis to distinguish between guilt and penalty phases so far as fifth amendment privilege concerned); see *State v. Rucas* (1987), 12 Kan. App. 2d 68, 72, 734 P.2d 673, 675-76 (privilege continues at least through sentencing since risk ends no earlier than that); see *Ellison v. State* (1985), 65 Md. App. 321, 338-41, 500 A.2d 650, 658-60 (risk of incrimination terminates when sentence pronounced and judgment becomes final), *aff'd* (1987), 310 Md. 244, 528 A.2d 1271.) When a defendant properly exercises his fifth amendment rights, his refusal to answer should not be considered in any way. (*Iseminger*, 202 Ill. App. 3d at 605, 560 N.E.2d at 460 (Knecht, J., specially concurring).) In *Iseminger* defendant refused to testify at the sentencing hearing, was found to be in direct civil contempt and only then asserted his rights under the fifth amendment. We vacated the finding of contempt because of the trial court's failure to conduct a hearing to determine the legitimacy of defendant's fifth amendment claim. We further sought to discourage the trial judge (the trial judge here) from ever ordering a defendant, upon pain of contempt, to answer a court's question at a sentencing hearing. The court did not err in asking the questions here, and defendant did not object to answering them.

■ Defendant next contends the trial court committed error by using the results of an unauthorized drug test as the main aggravating factor at sentencing. After defendant pleaded guilty the trial court ordered that he take a drug test and pass it as a condition of his bond. Defendant failed the test and was incarcerated until sentencing. At the sentencing hearing the trial judge noted defendant's failure to pass the test as an aggravating factor. In denying defendant's motion to reconsider sentence, the trial judge said he considered defendant's positive test for marijuana and cocaine to be the "most aggravating" of the factors presented. Defendant argues that since the trial judge had no authority to order the drug test, he could not use the results as an aggravating factor in sentencing. Defendant also failed to object to this issue at the sentencing hearing or include it in his post-trial motion. (*Enoch*, 122 Ill. 2d at 186, 522 N.E.2d at 1130.) Courts apply the plain error doctrine to redress "serious injustices which have been done to the defendant." (*People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233, 238.) "Rule 615(a) does not operate

in the nature of a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. As noted *** the rule has been designed as a means of meliorating the harshness of the strict application of the general waiver rule." (*People v. Precup* (1978), 73 Ill. 2d 7, 16-17, 382 N.E.2d 227, 231.) The plain error rule "is not a 'catch-all' provision permitting the supreme court, much less this court, to review any order or judgment of the trial court simply because this court may think the trial court erred." *People v. Baker* (1990), 195 Ill. App. 3d 785, 790, 552 N.E.2d 421, 424.

■ Defendant was sentenced for a Class X felony, and the sentence imposed was in the midrange of possible penalties. At the time of sentencing the trial court indicated it was most concerned about defendant's prior convictions and minimization of his conduct. The issue defendant now raises could have been easily addressed if he had refused to take the drug test, or objected to the trial court considering the results on sentencing. We cannot say that requiring the test and considering the results, under the facts of this case, was an error " ' "so substantial as to deprive defendant of a fair trial" [citation].' " *Baker*, 195 Ill. App. 3d at 789, 552 N.E.2d at 424, quoting *People v. Szabo* (1986), 113 Ill. 2d 83, 94, 497 N.E.2d 995, 999.

Even were we to consider the issue, we cannot say that the judge erroneously considered the drug test results. The conditions to which a defendant *must* adhere while on bond are contained in section 110—10 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 110—10). Those conditions include a requirement that he or she: "[s]ubmit himself or herself to the orders and process of the court," and "[n]ot violate any criminal statute of any jurisdiction." (Ill. Rev. Stat. 1989, ch. 38, pars. 110—10(a)(2), (a)(4).) The court may impose other conditions *if necessary* to assure defendant's appearance in court, protect the public from defendant, or prevent defendant's unlawful interference with the orderly administration of justice. (Ill. Rev. Stat. 1989, ch. 38, par. 110—10(b).) Those other conditions may include that defendant:

"(5) Refrain from engaging in certain activities or indulging in intoxicating liquors or in certain drugs;

(6) Undergo treatment for drug addiction or alcoholism;

(7) Undergo medical or psychiatric treatment;

* * *

(15) Such other reasonable conditions as the court may impose." Ill. Rev. Stat. 1989, ch. 38, pars. 110—10(b)(5), (b)(6), (b)(7), (b)(15).

Since the offense committed here concerned delivery of a controlled substance, defendant's current usage of drugs is a relevant consideration under the bond conditions listed in either section 110—10(a) or 110—10(b) of the Code. (Ill. Rev. Stat. 1989, ch. 38, pars. 110—10(a), (b).) Although drug tests are not specifically listed as a condition to be imposed, such tests could reasonably be viewed as treatment for drug addiction in section 110—10(b)(7) or as a reasonable condition the court could impose under section 110—10(b)(15). (Ill. Rev. Stat. 1989, ch. 38, pars. 110—10(b)(7), (b)(15).) The court did not *sua sponte* order defendant to take a drug test; if defendant had not sought release on bond, the court would not have had occasion to consider section 110—10. Defendant never objected to taking the test.

Once the test was properly ordered and performed, the trial court was not required to ignore it in determining an appropriate sentence. The imposition of such a test is contemplated by the provision in section 5—3—2 of the the Unified Code of Corrections, which provides that, in compiling the presentence investigation report, "[t]he investigation shall include a physical and mental examination of the defendant when so ordered by the court." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(b).) We find the trial judge did not commit error in ordering the drug test and did not abuse his discretion in considering the result as an aggravating factor in defendant's sentencing.

■ Defendant finally contends, and the State concedes, that he is entitled to $330 credit against his street-value fine since he was in custody for 66 days prior to being sentenced. Defendants who are assessed a street-value drug fine are entitled to $5-per-day credit against the fine for every day spent in custody prior to sentencing. (See *People v. Pickens* (1992), 226 Ill. App. 3d 1001, 1006, 590 N.E.2d 535, 539.) Defendant is entitled to the credit requested against his fine.

For the foregoing reasons, we affirm the judgment of the circuit court of McLean County, but remand with directions to the trial court to credit $330 against defendant's street-value fine.

Affirmed and remanded with directions.

KNECHT and GREEN, JJ., concur.