THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY D. HELM, Defendant-Appellant.

Fourth District    No. 4—95—0184

Argued July 10, 1996.—Opinion filed July 25, 1996.

Daniel D. Yuhas and Michele A. Knapp (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial conducted in the circuit court of Macon County, defendant Jeffrey D. Helm was found guilty of vehicular invasion and armed robbery. 720 ILCS 5/12—11.1(a), 18—2(a) (West 1992). Defendant was sentenced to concurrent terms of imprisonment of 20 years for armed robbery and 10 years for vehicular invasion.

The only issue on appeal is whether the trial court committed an abuse of discretion by considering the gender of the victim in assessing the appropriate sentence. We affirm.

■ This issue is waived because no objection to the trial judge's comments was made at the time of sentencing and the issue was not included in the defendant's motion for reduction of sentence. See *People v. Olson*, 241 Ill. App. 3d 488, 491, 608 N.E.2d 913, 915 (1993). In his reply brief, defendant has argued for the first time on appeal that the consideration of the victim's gender amounted to plain error. However, arguments not raised in the appellant's original brief may not be raised in the reply brief or at oral argument. 155 Ill. 2d R. 341(e)(7); 134 Ill. 2d R. 612(i); *People v. Sandham*, 276 Ill. App. 3d 86, 91, 657 N.E.2d 719, 723 (1995).

Moreover, the record does not demonstrate any plain error, or any error at all. The plain error rule (134 Ill. 2d R. 615(a)) can be invoked only where the evidence is closely balanced or the error is so fundamental and of such magnitude that defendant was deprived of a fair trial. *People v. Herrett*, 137 Ill. 2d 195, 209, 561 N.E.2d 1, 7-8 (1990). Defendant argues the trial court's consideration of an improper aggravating factor infringed on his fundamental right to liberty and denied him a fair trial. We disagree. As the court stated in *Olson*, the plain error rule is not a general saving clause for alleged errors, but is designed to redress serious injustices. *Olson*, 241 Ill. App. 3d at 492-93, 608 N.E.2d at 917. In this case, even if there had been error, it would not have been so fundamental as to rise to the level of plain error.

■ It was not error to consider the victim's gender in assessing the appropriate sentence to impose on defendant where the nature of the offense suggests that defendant preyed upon a female individual who he may have perceived as weaker and less able to defend herself. In shaping a sentence appropriate for deterring others from committing the same types of crimes, the trial judge need not disregard the fact that the victim was a female. The gender of the victim is part of the nature and circumstances of the offense. In addition, the trial judge is not limited to considering statutory aggravating factors, and he may consider any fact which would tend to aggravate the offense. *People v. Traina*, 230 Ill. App. 3d 149, 155, 595 N.E.2d 635, 640 (1992). Although the trial judge referred to language in this court's decision in *People v. Johnson*, 262 Ill. App. 3d 565, 572, 634 N.E.2d 1285, 1290-91 (1994), the trial judge acknowledged the difference in the criminal offenses in comparing *Johnson* to this case. Nor was the reference to *Johnson* an indication by the trial judge that he believed offenses against women necessarily required more severe sentences. Instead, the trial judge was merely observing that the victim in this case was a woman and commented that women in the Decatur, Illinois, area feared this type of attack. See *People v. Lamacki*, 121 Ill.

App. 3d 403, 418-19, 459 N.E.2d 1142, 1152 (1984) (trial court stated " 'to assess the minimum would be a flagrant disregard for the sanctity and right of the victim to walk the streets of a south suburban community' ").

■ The defendant suggests that, since the legislature has created protected classes of people with regard to certain crimes (see, *e.g.*, 720 ILCS 5/12—4(b)(10), (b)(14) (West 1992)), the determination of whether the trial court may consider gender as an aggravating factor is a legislative function. We note that the legislature has also determined that an aggravating factor may be related to the nature and vulnerability of the victim. See 730 ILCS 5/5—5—3.2(a)(8), (a)(9), (a)(10) (West 1994). However, the statutory aggravating factors are not exclusive, and the courts have long been given the discretion to consider the vulnerability of the victim in formulating an appropriate sentence. See, *e.g.*, *People v. Lobdell*, 121 Ill. App. 3d 248, 253, 459 N.E.2d 260, 264 (1983) (court considered that victim was over 60 years of age); *People v. Watson*, 107 Ill. App. 3d 691, 696-97, 438 N.E.2d 453, 457 (1982) (tender age of victim was factor in rejecting probation); *People v. Ely*, 97 Ill. App. 3d 242, 244, 422 N.E.2d 895, 897 (1981) (court found defendant was a predator who chose victims of advanced age); *People v. Matthews*, 69 Ill. App. 3d 65, 67, 387 N.E.2d 10, 13 (1979) (the age of victim (nine years) alone justified more than a minimum sentence); *People v. Wilson*, 16 Ill. App. 3d 118, 119, 305 N.E.2d 602, 603-04 (1973) (extreme youth of victim was a factor in aggravation). The vulnerability of the victim is a factor in assessing the heinous nature of the crime and the rehabilitative potential of the defendant.

■ The sentence imposed in this case was justified by the presence of other aggravating factors, including defendant's prior criminal history, the gratuitous beating of the victim who offered little resistance, and the need to deter others from committing the same crime. 730 ILCS 5/5—5—3.2(a)(1), (a)(3), (a)(7) (West 1992). A trial court's determination as to a sentence is given great deference, and a sentence within the statutory range prescribed for an offense will not be disturbed on appeal in the absence of an abuse of discretion. *People v. Perruquet*, 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884 (1977). No abuse of sentencing discretion has been demonstrated.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

COOK, P.J., and STEIGMANN, J., concur.