NO. 4-08-0120                                    Opinion Filed 6/30/11

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| CRAIG J. BLANTON, | ) | No. 07CF488 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harry E. Clem, |
| | ) | Judge Presiding. |

_____

JUSTICE APPLETON delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice McCullough concurred in the judgment and opinion.

**OPINION**

In December 2007, a jury found defendant, Craig J. Blanton, guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)) and aggravated robbery (720 ILCS 5/18-5(a) (West 2006)). In January 2008, the trial court vacated the aggravated-robbery conviction under the one-act, one-crime rule and sentenced defendant to 25 years' imprisonment on his armed-robbery conviction. Defendant appealed, arguing (1) the 25-year sentence violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), (2) the court failed to comply with Illinois Supreme Court Rule 431(b) (eff. May 1, 2007), and (3) the court improperly considered the class of the victim as a college student as an aggravating sentencing factor.

On June 17, 2009, this court issued an opinion finding the trial court had erred by failing to comply with Rule 431(b) by neglecting to question each venireperson as to whether he or she understood and accepted the principle that defendant's failure to testify could not be held against

him. *People v. Blanton*, No. 4-08-0120, slip op. at 10 (June 17, 2009), *reh'g granted* (July 17, 2009). This court found such error constituted plain error because the failure to advise the jurors that defendant's failure to testify could not be held against him was " 'so substantial that it affected the fundamental fairness of the proceeding.' " *Blanton*, slip op. at 9, ___ Ill. App. 3d at ____ (quoting *People v. Hall*, 194 Ill. 2d 305, 335 (2000)), *reh'g granted* (July 17, 2009).

One day later, on June 18, 2009, the supreme court issued its decision in *People v. Glasper*, 234 Ill. 2d 173 (2009). The *Glasper* case involved the former version of Rule 431(b), which required inquiry into the principles articulated by *People v. Zehr*, 103 Ill. 2d 472, 477 (1984), only upon the defendant's request. *Glasper*, 234 Ill. 2d at 189. In *Glasper*, the supreme court held that a harmless-error analysis applied to the trial court's error in refusing, upon defense counsel's request, to ask the potential jurors whether they understood and accepted the principle that the defendant's exercise of his right not to testify could not be held against him. *Glasper*, 234 Ill. 2d at 189. Applying that analysis, the supreme court found that the evidence of the defendant's guilt was overwhelming and that the error was harmless. *Glasper*, 234 Ill. 2d at 202.

On July 8, 2009, the State filed a petition for rehearing, asking this court to reconsider its holding in light of *Glasper*. On July 17, 2009, this court granted the petition for rehearing and later determined that, because *Glasper* did not change the result, the trial court's judgment was reversed and the cause was remanded for a new trial. *People v. Blanton*, 396 Ill. App. 3d 230, 232 (November 10, 2009).

In January 2011, the supreme court issued a supervisory order (*People v. Blanton*, 239 Ill. 2d 558 (2011) (nonprecedential supervisory order on denial of petition for leave to appeal) (No. 109586)) directing this court to vacate our judgment and to reconsider in light of *People v.*

*Thompson*, 238 Ill. 2d 598 (2010). In accordance with the supreme court's directions, we vacate our prior judgment and reconsider in light of *Thompson* to determine whether a different result is warranted. After such consideration, we now affirm defendant's conviction on the Rule 431(b) issue, and consider defendant's other contentions of error for the first time. After doing so, we vacate defendant's sentence and remand with directions.

## I. BACKGROUND

In March 2007, the State charged defendant by information with armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)) and aggravated robbery (720 ILCS 5/18-5(a) (West 2006)). Each count included the element that defendant was armed with a firearm during the commission of the offense. In April 2007, the grand jury returned a true bill on both counts. The charges stemmed from the following facts. The victim, a University of Illinois student, was approached from behind by two males as she stood at her apartment door trying to enter. One man held a gun to her head and both demanded her money. She described both as wearing baggy pants with white shoes, hoods, and shirts covering their faces up to their eyes. One of the suspects wore light blue shoelaces in his shoes. They took her keys and two cellular telephones and fled. A witness approaching the same apartment complex saw two black men running away from the building. She described the men's clothing as the victim had. Defendant was arrested a few blocks away from the scene, wearing white shoes with light blue shoelaces.

At the start of defendant's jury trial, on December 13, 2007, the trial court conducted a *voir dire* examination of the venire. The court advised the venire as a whole that (1) the State has the burden of proof and must prove defendant guilty beyond a reasonable doubt; (2) defendant was presumed innocent of the charges brought against him; and (3) defendant did not have to present

evidence unless he chose to do so. With each panel of venirepersons seated in the jury box, the court either (1) again (a) explained the principles that the State bore the burden of proof beyond a reasonable doubt, defendant was presumed innocent, and defendant did not have to present any evidence unless he chose to do so, or (b) stated that the venire had previously heard several legal propositions explained during the *voir dire*; and (2) asked each panel of venirepersons whether he or she understood and supported those principles. Each venireperson ultimately selected as a juror answered "yes."

Defense counsel also questioned several members of the venire about the same principles addressed by the trial court: that defendant was presumed innocent, the State must prove defendant guilty beyond a reasonable doubt, and defendant was not required to offer evidence on his behalf. Defense counsel asked one venireperson, ultimately selected for the jury, whether he understood that if defendant chose not to present any evidence, the venireperson could not hold that against defendant. The venireperson answered "Right." Defense counsel asked another venireperson, also ultimately selected for the jury, whether he understood that defendant did not have to "say anything or prove that he did not commit" the crime but that the State must prove that defendant committed the crime. The venireperson answered "Yes."

The case proceeded to trial. Defendant presented no evidence and did not testify. At the jury-instruction conference, the State tendered a set of jury instructions but withdrew the instruction that charged the jury to judge defendant's testimony in the same manner as the testimony of any other witness. See Illinois Pattern Jury Instructions, Criminal, No. 1.02 (4th ed. 2000) (hereinafter IPI Criminal 4th). Defense counsel did not object to withdrawing that instruction or tender the instruction that the jury should not consider the fact that defendant did not testify. See IPI

Criminal 4th No. 2.04 ("[t]he fact that [the] defendant did not testify must not be considered by you in any way in arriving at your verdict"). The trial court did not instruct the jury that defendant's failure to testify could not be considered.

The jury found defendant guilty of aggravated robbery and armed robbery while armed with a firearm. As stated above, in January 2008, the trial court vacated the aggravated-robbery conviction under the one-act, one-crime rule and sentenced defendant to 25 years' imprisonment for armed robbery. At sentencing, the court noted that 15 years was required to be added to defendant's sentence under the mandatory enhancement statute related to the use of firearms. See 720 ILCS 5/18-2(b) (West 2006).

This appeal followed.

## II. ANALYSIS

### A. Compliance With Supreme Court Rule 431(b)

On appeal, defendant argued the trial court's failure to fully comply with Rule 431(b) required reversal of his conviction and remand for a new trial. The State argued (1) defendant forfeited the argument by not objecting in the trial court or in a posttrial motion; (2) defendant acquiesced in the procedure used by the court, a procedure that did not include a specific, direct reference to testimony of the defendant; (3) no error occurred in the *voir dire* as a whole because references to the fact that defendant did not have to present evidence were sufficient to disclose any potential bias from the potential jurors even though no specific questions were asked regarding the jurors' views about defendant's right not to testify; and (4) any shortcomings in the conduct of *voir dire* should be deemed harmless.

By not objecting during the trial court proceedings or preserving the issue for review

- 5 -

by including the issue in a posttrial motion, defendant has forfeited his contention of error. See *People v. Hestand*, 362 Ill. App. 3d 272, 279 (2005). He concedes forfeiture but claims the issue can be reviewed despite his procedural default because the error constitutes a structural error, and thus is subject to plain-error review. Before reviewing the issue under the plain-error doctrine, we must first determine whether any error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). We review the issue of compliance with a supreme court rule *de novo*. *People v. Garner*, 347 Ill. App. 3d 578, 583 (2004) (involving compliance with Rule 605(a) (Ill. S. Ct. R. 605(a) (eff. Oct. 1, 2001))).

Rule 431(b) was adopted in 1997 to ensure compliance with *Zehr*. Ill. S. Ct. R. 431(b), Committee Comments (eff. May 1, 1997). See *Glasper*, 234 Ill. 2d at 187. The *Zehr* court held that "essential to the qualification of jurors in a criminal case is that they know that a defendant is presumed innocent, that he is not required to offer any evidence in his own behalf, that he must be proved guilty beyond a reasonable doubt, and that his failure to testify in his own behalf cannot be held against him." *Zehr*, 103 Ill. 2d at 477. As originally enacted, Rule 431(b) provided that the trial court was not obligated to ask potential jurors whether they understood and accepted the *Zehr* principles absent a request from defense counsel. See *Glasper*, 234 Ill. 2d at 187.

Effective May 1, 2007, Rule 431(b) was amended to impose "a *sua sponte* duty on the trial court to question each potential juror as to whether he understands and accepts the *Zehr* principles." *People v. Gilbert*, 379 Ill. App. 3d 106, 110 (2008). That is, such questioning was no longer dependent upon a request by defense counsel. *Gilbert*, 379 Ill. App. 3d at 110. Rule 431(b) currently provides as follows:

"The court shall ask each potential juror, individually or in a

- 6 -

group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Ill. S. Ct. R. 431(b) (eff. May 1, 2007). The committee comments provide as follows:

"The new language is intended to ensure compliance with the requirements of [*Zehr*], 103 Ill. 2d [at 477]. It seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law." Ill. S. Ct. R. 431(b), Committee Comments (eff. May 1, 2007).

In this case, the trial court advised and appropriately questioned each venireperson regarding the first three *Zehr* principles, allowing each an opportunity to respond. However, the court never mentioned the fourth *Zehr* principle--that defendant's failure to testify could not be held

- 7 -

against him. As a result, the court in this case did not follow the mandate of Rule 431(b), and this failure to comply was error.

Having found error, we next determine whether the error qualifies as one justifying plain-error review. This court may review an error under the plain-error doctrine if (1) the evidence is closely balanced or (2) the error is "so substantial that it affected the fundamental fairness of the proceeding, and remedying the error is necessary to preserve the integrity of the judicial process." *Hall*, 194 Ill. 2d at 335.

We first analyze defendant's contention of error under the second prong. Under that prong, "[p]rejudice to the defendant is presumed because of the importance of the right involved." *People v. Herron*, 215 Ill. 2d 167, 187 (2005). The question then is whether the error committed here threatened the integrity of the judicial process. *People v. Blue*, 189 Ill. 2d 99, 139 (2000).

In *Thompson*, the supreme court held that a trial court's failure to comply with Rule 431(b) does not necessarily render a trial fundamentally unfair or unreliable and does not require automatic reversal. *Thompson*, 238 Ill. 2d at 614-15. Only upon the defendant's presentation of evidence that the jury was biased would his fundamental right to a fair trial be questioned. *Thompson*, 238 Ill. 2d at 614. The supreme court stated: "We cannot presume the jury was biased simply because the trial court erred in conducting the Rule 431(b) questioning." *Thompson*, 238 Ill. 2d at 614. Thus, in analyzing the issue under a second-prong, plain-error analysis, the critical question is whether the defendant has shown that the trial court's Rule 431(b) error resulted in impaneling a biased jury. See *Thompson*, 238 Ill. 2d at 614.

Defendant in this case has offered no evidence of bias. He claims only that the jury

may have been biased. However, pursuant to *Thompson*, such speculation is neither sufficient nor determinative. See *Thompson*, 238 Ill. 2d at 614. Defendant must present at least some evidence that the court's error was so serious that it deprived him of a fair trial. *Thompson*, 238 Ill. 2d at 614. Defendant fails to do so. Without such evidence, defendant cannot carry his burden under the second prong by showing the error affected the fairness of his trial and challenged the integrity of the judicial process. *Thompson*, 238 Ill. 2d at 615.

Defendant alternatively argued that the error is reversible under the first prong of the plain-error doctrine because the evidence was closely balanced. *Thompson* did not reach this issue because the defendant in that case asserted only second-prong error. It is therefore possible that the first prong is still available for Rule 431(b) errors. See *Thompson*, 238 Ill. 2d at 613. Even so, defendant still bears the burden of persuasion. He argues that the State's witnesses were unable to unequivocally positively identify him as one of the assailants. However, we find that, contrary to defendant's assertions, the evidence at trial clearly established defendant's guilt. Within minutes of the robbery, defendant, who fit the description of one of the suspects in terms of build, height, and clothing, was caught near the scene. He was identified by two witnesses as one of the assailants. Defendant was wearing white sneakers with light blue shoelaces, just as those described by the witnesses. Defendant's DNA was found on a mask, which was lying on the ground near a gun, a sweatshirt, and the victim's cellular telephone in the path defendant had just walked. Defendant had changed directions when he spotted the police.

Based on these facts, we conclude that the evidence presented at defendant's trial overwhelmingly implicated him and established his guilt. Defendant has failed to meet his burden of persuasion that the evidence against him was closely balanced. As a result, the trial court's Rule

431(b) error is not reversible under the first prong of the plain-error doctrine either.

After our analysis of the facts of this case in light of the supreme court's decision in *Thompson*, we conclude that the trial court's failure to strictly comply with the requirements of Rule 431(b) did not rise to the level of plain error. Accordingly, defendant has forfeited his claim and we affirm defendant's conviction.

### B. Proportionate-Penalties Clause

Defendant also claims his 25-year sentence violates the proportionate-penalties clause (Ill. Const. 1970, art. I, § 11) when compared with the potential sentence for the identical offense of armed violence predicated on robbery, due to the imposition of the mandatory 15-year enhancement for the use of a firearm during the commission of the armed robbery. See 720 ILCS 5/18-2(b) (West 2006) (a violation of armed robbery while carrying a firearm is a Class X felony for which 15 years shall be added to the term of imprisonment). Defendant committed the offense in March 2007 and therefore, he was presumably sentenced pursuant to the 2006 version of the statute set forth above. (In 2007, the armed-violence statute was revised in an apparent attempt to remedy the unconstitutionality of the sentencing scheme.) As defendant correctly notes, the supreme court's decision in *People v. Hauschild*, 226 Ill. 2d 63, 88 (2007), is dispositive and requires that defendant's 25-year sentence be vacated.

The State's only response to defendant's argument in this appeal is that *Hauschild* was wrongly decided. Unfortunately for the State, the supreme court's decision is binding on this court. See *People v. Coleman*, 399 Ill. App. 3d 1150, 1160 (2010) ("Unless and until our supreme court modifies its decision in *Hauschild*, we are bound to follow it.").

In *Hauschild*, the defendant was convicted of armed robbery while armed with a

firearm. *Hauschild*, 226 Ill. 2d at 85-86. On appeal, the defendant claimed the 15-year sentence enhancement made the sentencing range for armed robbery unconstitutionally disproportionate when compared to the range of sentence available for a conviction of armed violence predicated on robbery, an offense with identical elements. *Hauschild*, 226 Ill. 2d at 71. The supreme court agreed. *Hauschild*, 226 Ill. 2d at 86-87 . After the mandatory 15-year enhancement, the range of sentencing for armed robbery with a firearm was 21 to 45 years. See 720 ILCS 5/18-2(a)(2), (b) (West 2006). The range of sentencing for armed violence predicated on robbery with a category I or category II weapon was 10 to 30 years. See 720 ILCS 5/33A-3(a), (a-5) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000) (unless otherwise specified by statute, not less than 6 nor more than 30 years in prison). The court held that the "defendant's sentence for armed robbery while armed with a firearm (720 ILCS 5/18-2(b) (West 2000)) violates the proportionate-penalties clause because the penalty for that offense is more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-3(a), (a-5) (West 2000))." *Hauschild*, 226 Ill. 2d at 86-87. The court determined that the appropriate remedy was "to remand for resentencing in accordance with the statute as it existed prior to the amendment." *Hauschild*, 226 Ill. 2d at 88-89.

Thus, in accordance with *Hauschild*, we vacate defendant's sentence and remand for resentencing with directions to the trial court to resentence defendant in accordance with the sentencing scheme in effect prior to the enactment of the 15-year sentence enhancement.

C. Consideration of Class of Victim as Aggravating Factor

Finally, defendant contends the trial court improperly considered the fact that the victim was a student at the University of Illinois as a reason to impose a harsher penalty upon

- 11 -

defendant. As the State notes, defendant raises this issue for the first time in this appeal. He did not object to the court's comments on this issue at sentencing, nor did he raise this issue in his postsentencing motion. As such, he has failed to preserve the issue for our consideration. See *People v. Helm*, 282 Ill. App. 3d 32, 34 (1996) (the defendant's contention that the sentencing court erred in considering that the victim was a female as a reason to impose a harsher sentence was forfeited for failing to properly preserve the issue).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment convicting defendant of armed robbery. We vacate defendant's 25-year sentence and remand for resentencing without the imposition of the 15-year-firearm enhancement. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

Affirmed in part and vacated in part; cause remanded with directions.