# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Brown*, 2012 IL App (5th) 100452

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD BROWN, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0452 |
| Filed | February 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although the 15-year sentencing enhancement applicable to armed robbery committed while armed with a firearm was held unconstitutional by the Illinois Supreme Court in *Hauschild* on the ground that the enhancement violated the proportionate penalties clause because armed violence predicated on robbery with a category I or category II weapon contained identical elements, but carried different penalties, the legislature cured the proportionate-penalties violation by eliminating the offense of armed violence predicated on robbery; therefore, the revived 15-year sentencing enhancement was properly applied to defendant when he was sentenced for armed robbery with a firearm. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 09-CF-596; the Hon. John Baricevic, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Johannah B. Weber, and Edwin J. Anderson, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Brendan F. Kelly, State's Attorney, of Belleville (Patrick Delfino, Stephen E. Norris, and Jennifer Camden, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE WELCH delivered the judgment of the court, with opinion.

Justices Goldenhersh and Chapman concurred in the judgment and opinion.

## OPINION

¶ 1 Following a jury trial, the defendant, Richard Brown, was found guilty of armed robbery with a firearm in violation of section 18-2(a)(2) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/18-2(a)(2) (West 2008)) and not guilty of home invasion (720 ILCS 5/12-11(a)(3) (West 2008)). The trial court sentenced him to 22 years' imprisonment for the armed-robbery conviction to be followed by a 3-year period of mandatory supervised release. On appeal, the defendant argues the trial court erred by applying a 15-year sentence enhancement to his sentence pursuant to section 18-2(b) of the Criminal Code (720 ILCS 5/18-2(b) (West 2010)) based on the use of a firearm during the commission of the robbery. According to the defendant, the 15-year sentence enhancement set forth in section 18-2(b) could not be applied against him because it was declared unconstitutional by the supreme court in *People v. Hauschild*, 226 Ill. 2d 63, 86-87 (2007). For the reasons that follow, we affirm.

¶ 2 On May 28, 2009, the defendant was charged with one count of home invasion and one count of armed robbery while carrying a firearm for unlawfully entering Brett Worsham's Belleville, Illinois, residence, threatening the use of force while armed with a firearm, and taking property belonging to Worsham. Following a two-day trial, the jury found the defendant guilty of armed robbery with a firearm and not guilty of home invasion.

¶ 3 During the June 2, 2010, sentencing hearing, the State informed the trial court that the applicable sentencing range for the defendant's armed-robbery conviction was 21 to 45 years pursuant to section 18-2(a)(2) of the Criminal Code (720 ILCS 5/18-2(a)(2) (West 2008)) because "[a]rmed robbery carries a fifteen-year enhancement if the offense was committed with the use of a firearm." Defense counsel objected to the use of the sentence enhancement because the State failed to prove beyond a reasonable doubt that the defendant "carried [a firearm] on or about his person." According to defense counsel, the evidence indicated another individual unlawfully entered Worsham's residence with the defendant and that individual carried the firearm. In response, the State argued as follows:

"18-2, armed robbery statute, subsection (a), 'A person who commits armed robbery when he or she violates Section 18-1,' and subparagraph (2), 'he or she carries on or about his or her person or is otherwise armed with a firearm.' The 'otherwise armed with a firearm,' it's the People's position, takes into account the accountability theory.

The jury was specifically instructed in People's Instruction No. 20 as to the third proposition, that the defendant or one for whose conduct he is legally responsible carried on or about his person a firearm or was otherwise armed with a firearm at the time of the taking.

At the time of the jury instruction conference, I indicated to the Court, and there was no objection by defense counsel that I modified 14-06 to specifically state a firearm rather than a dangerous weapon to encompass the enhancement and to meet the requirements of *Apprendi*. Therefore, the People believe that the jury properly found the defendant guilty of either carrying a firearm on his person or was otherwise armed sufficient to trigger the fifteen-year enhancement under the armed robbery statute."

¶ 4 Thereafter, the trial court sentenced the defendant to 22 years in prison to be followed by a 3-year period of mandatory supervised release, a sentence that included the 15-year sentence enhancement pursuant to section 18-2(b) of the Criminal Code (720 ILCS 5/18-2(b) (West 2008)).

¶ 5 On June 30, 2010, the defendant filed a *pro se* motion for reduction of sentence, arguing his sentence was excessive due to (1) his young age, (2) his ability for rehabilitation, (3) the armed-robbery conviction being his first adult offense, and (4) no individuals being harmed during the commission of the armed robbery. On September 2, 2010, the trial court denied the defendant's *pro se* motion for reduction of sentence, noting it previously considered the mitigating factors mentioned in the defendant's *pro se* motion during sentencing. The defendant appeals.

¶ 6 The issue for this court's review is whether the 15-year sentence enhancement for the use of a firearm in an armed robbery was applicable to the defendant because the supreme court in *Hauschild* determined the 15-year enhancement violated the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). First, we note the defendant did not forfeit this issue by his failure to raise it in the trial court. See *People v. Christy*, 139 Ill. 2d 172, 176 (1990) (the constitutionality of a statutory penalty may be raised at any time). Therefore, we will address this issue on appeal.

¶ 7 An issue involving the constitutionality of a statute is reviewed *de novo*. *People v. Sharpe*, 216 Ill. 2d 481, 486-87 (2005). Additionally, the trial court's application of a statute is also reviewed *de novo*. *People v. Coleman*, 399 Ill. App. 3d 1150, 1157 (2010). However, we defer to the legislature on issues of sentencing because it is more capable of fashioning an appropriate sentence. *Id.*

¶ 8 Under section 18-2(b) of the Criminal Code (720 ILCS 5/18-2(b) (West 2008)), armed robbery is a Class X felony "for which 15 years shall be added to the term of imprisonment imposed by the court." In *Hauschild*, 226 Ill. 2d at 86-87, the supreme court determined armed robbery while armed with a firearm (sentencing range of 21 to 45 years' imprisonment, which included the 15-year sentence enhancement) and armed violence

predicated on robbery with a category I or category II weapon (sentencing range of 15 to 30 years' imprisonment) contained identical elements but carried different penalties. Section 18-2(a)(2) of the Criminal Code (720 ILCS 5/18-2(a)(2) (West 2000)) defined armed robbery as follows: "A person commits armed robbery when he or she violates Section 18-1; and *** he or she carries on or about his or her person or is otherwise armed with a firearm." Section 18-1(a) of the Criminal Code (720 ILCS 5/18-1(a) (West 2000)) set forth the definition for robbery and stated as follows: "A person commits robbery when he or she takes property *** from the person or presence of another by the use of force or by threatening the imminent use of force." Further, section 33A-2(a) of the Criminal Code (720 ILCS 5/33A-2(a) (West 2000)) defined armed violence predicated on robbery as the offense of robbery (720 ILCS 5/18-1(a) (West 2000)) while armed with a dangerous weapon. Because the elements of armed robbery and armed violence predicated on robbery were identical, the supreme court determined the 15-year sentence enhancement applicable to an armed-robbery offense violated the proportionate-penalties clause of the Illinois Constitution by making the penalty for armed robbery more severe than the penalty for armed violence predicated on robbery. *Hauschild*, 226 Ill. 2d at 86-87.

¶ 9    Thereafter on October 23, 2007, the legislature enacted Public Act 95-688 (Pub. Act 95-688, § 4 (eff. Oct. 23, 2007) (2007 Ill. Legis. Serv. 6228, 6228-29 (West)); 720 ILCS 5/33A-2(a) (West 2008)) to amend the armed-violence statute as follows:

"A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, second degree murder, involuntary manslaughter, reckless homicide, predatory criminal sexual assault of a child, aggravated battery of a child, home invasion, *or any offense that makes the possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range*." (Emphasis added.)

¶ 10    Despite the enactment of Public Act 95-688, the defendant argues the 15-year sentence enhancement in the armed-robbery statute remains unconstitutional under *Hauschild* because an unconstitutional law is void *ab initio*. See *People v. Gersch*, 135 Ill. 2d 384, 390 (1990) (a statute held unconstitutional in its entirety is void *ab initio*). In support of this position, the defendant cites *People v. Coleman*, 399 Ill. App. 3d 1150 (2010), and *People v. Blanton*, 2011 IL App (4th) 080120, both Fourth District cases.

¶ 11    In *Blanton*, 2011 IL App (4th) 080120, ¶ 28, the Fourth District vacated the defendant's 25-year sentence for armed robbery with a firearm, which was committed in March 2007, because *Hauschild* was dispositive. Further, in *Coleman*, 399 Ill. App. 3d at 1159, the trial court sentenced the defendant to 15 years' imprisonment on his armed-violence-predicated-on-robbery conviction pursuant to the version of the statute in effect at the time *Hauschild* was decided. Because the supreme court had already determined the 15-year sentence enhancement for armed robbery with a firearm violated the proportionate-penalties clause, the Fourth District held the defendant's armed-violence sentence also violated the proportionate-penalties clause. *Coleman*, 399 Ill. App. 3d at 1159-60. Therefore, the court determined the defendant's sentence was void because the statute was "void *ab initio*" at the

time of sentencing. *Id.* at 1160.

¶ 12    The present case is distinguishable from *Blanton* and *Coleman* because the defendant committed the armed robbery on May 26, 2009, after the enactment of Public Act 95-688. Public Act 95-688 fixed the proportionate-penalties violation by excluding the following from the definition of armed violence: offenses that make the possession or use of a dangerous weapon either (1) an element of the base offense, (2) an aggravated or enhanced version of the offense, or (3) a mandatory sentencing factor that increases the sentencing range. Accordingly, Public Act 95-688 effectively cured the proportionate-penalties violation by making it impossible to generate an armed-violence conviction predicated on robbery even though the amendment did not alter the 15-year sentence enhancement for armed robbery committed with a firearm.

¶ 13    Additionally, the legislative history behind the implementation of the amendment indicates the legislature intended this result when it adopted Public Act 95-688. During the July 26, 2007, Senate proceeding where the amendment was passed, Senator Cullerton noted a recent supreme court case held that the 15-year sentence enhancement for armed robbery with a firearm violated the proportionate-penalties clause, and the amendment to the armed-violence statute "avoid[ed] any further disproportionate penalty challenges to the statute that may arise." 95th Ill. Gen. Assem., Senate Proceedings, July 26, 2007, at 8-9 (statements of Senator Cullerton).

¶ 14    The defendant's argument that the armed-robbery statute is void *ab initio* is based on *Gersch*, 135 Ill. 2d at 390, which stated that a statute declared unconstitutional in its entirety is void *ab initio*. In *Gersch*, 135 Ill. 2d at 387-88, the trial court denied the defendant's request for a bench trial after the State requested a jury trial under section 115-1 of the Code of Criminal Procedure of 1963 (Procedure Code) (Ill. Rev. Stat. 1987, ch. 38, ¶ 115-1), which provided the State with the right to a jury in certain criminal trials. While the defendant's appeal was pending, the supreme court in *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 222 (1988), declared section 115-1 of the Procedure Code unconstitutional because "only a defendant has a right to a jury trial" under the Illinois Constitution. *Gersch*, 135 Ill. 2d at 389. Thereafter, the supreme court in *Gersch*, 135 Ill. 2d at 391-92, stated that the version of section 115-1 in effect at the time of *Joyce* was void *ab initio* and would be interpreted as if that version never existed.

¶ 15    However, the State argues that the supreme court in *Hauschild* did not rule that the 15-year sentence enhancement was void *ab initio*. Specifically, the State notes *Hauschild* involved an issue of whether a comparison of armed robbery while armed with a firearm and armed violence predicated on robbery was permissible because the supreme court previously determined in *People v. Lewis*, 175 Ill. 2d 412, 415-24 (1996), that the sentencing scheme for armed violence predicated on armed robbery was unconstitutional as penalizing identical conduct more severely than the armed-robbery statute. The appellate court in *People v. Hauschild*, 364 Ill. App. 3d 202, 217 (2006), determined the offense of armed violence "ceased to exist" after *Lewis*. *Hauschild*, 226 Ill. 2d at 84. The supreme court determined the enactment of Public Act 91-404 (Pub. Act 91-404, § 5 (eff. Jan. 1, 2000) (codified at 720 ILCS 5/33A-1(b)(1) (West 2000))), which added the 15-year sentence enhancement to armed robbery, " 'revived' " the offense of armed violence predicated on robbery held

unconstitutional by *Lewis*. *Hauschild*, 226 Ill. 2d at 84. Accordingly, the court determined "the holding in *Lewis* cannot be used as a basis to preclude comparison of the 'revived' armed violence offense to armed robbery while armed with a firearm for purposes of proportionality review." *Hauschild*, 226 Ill. 2d at 85.

¶ 16    Similarly, Public Act 95-688 "revived" the sentencing scheme in the armed-robbery statute by fixing the proportionate-penalties violation. As previously stated, it is no longer possible for armed violence to be predicated on robbery under section 33A-2(a) of the Criminal Code (720 ILCS 5/33A-2(a) (West 2008)). The 15-year sentence enhancement under the armed-robbery statute violated the proportionate-penalties clause because armed robbery contained identical elements but carried a more severe penalty than the offense of armed violence predicated on robbery. The legislature cured this proportionate-penalties violation by removing the impediment to the sentence enhancement's enforcement, *i.e.*, the offense of armed violence predicated on robbery.

¶ 17    Accordingly, we determine that the legislature revived the 15-year sentencing enhancement in the armed-robbery statute by enacting Public Act 95-688, and therefore, the trial court correctly applied the sentence enhancement against the defendant at sentencing.

¶ 18    Affirmed.