# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Gillespie*, 2012 IL App (4th) 110151

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEWAYNE L. GILLESPIE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-11-0151 |
| Filed | August 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's rulings on defendant's posttrial motions and his sentences were vacated and the cause was remanded for a new posttrial hearing and sentencing hearing where the trial court failed to fully admonish defendant pursuant to Supreme Court Rule 401(a)(2) before allowing him to proceed *pro se*; furthermore, the new sentences for armed robbery must not include the unconstitutional 15-year enhancements and defendant may proceed *pro se* only after a valid waiver. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 09-CF-936; the Hon. Harry E. Clem, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded with directions. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Jacqueline L. Bullard, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE APPLETON delivered the judgment of the court, with opinion. Justices Cook and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1      A jury found defendant, Dewayne L. Gillespie, guilty of two counts of armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)), for which the trial court sentenced him to 2 concurrent prison terms of 40 years. Each of these prison terms included a 15-year enhancement pursuant to subsection (b) of the armed-robbery statute (720 ILCS 5/18-2(b) (West 2008)).

¶ 2      Defendant appeals on three grounds. First, he observes that before allowing him to proceed *pro se* in the posttrial hearing and the sentencing hearing, the trial court failed to admonish him regarding the potential penalties he faced for his convictions of armed robbery, as Illinois Supreme Court Rule 401(a)(2) (Ill. S. Ct. R. 401(a)(2) (eff. July 1, 1984)) required the court to do, and he argues that his waiver of counsel consequently is invalid. Second, he argues the court violated Illinois Supreme Court Rule 402(f) (eff. July 1, 1997) in the sentencing hearing by considering, as an aggravating factor, some statements he had made to the court in a *pro se* letter attempting to negotiate a plea deal. Third, he argues the court erred by adding 15 years to each of his prison terms for armed robbery, because the statute authorizing those 15-year enhancements, section 18-2(b) of the Criminal Code of 1961 (720 ILCS 5/18-2(b) (West 2008)), is void *ab initio* by reason of its violation of the proportionate-penalties clause (Ill. Const. 1970, art. I, § 11).

¶ 3      One of these arguments is dispositive of this appeal: the failure to follow Rule 401(a)(2). The State concedes, and we agree, that by omitting to tell defendant the potential punishment he faced for armed robbery, the trial court failed to give him all the admonitions that Rule 401(a) required. Therefore, we vacate the rulings on the posttrial motions, and we vacate the sentences, and we remand this case with directions to give defendant a new posttrial hearing and a new sentencing hearing, either with the assistance of counsel or–only after full admonitions and a valid waiver–without the assistance of counsel.

¶ 4      Because the remaining two issues in this appeal are likely to arise again on remand, we will address them. See *Fosse v. Pensabene*, 362 Ill. App. 3d 172, 189 (2005) ("The most important function of a court of review is to provide direction to the trial court as to how to address issues that are likely to arise on remand."). Defendant's letter to the trial court contains no offer to plead guilty in return for a proposed concession by the State; thus, it is

not a plea discussion, and Rule 402(f) is inapplicable. Defendant is correct, however, that the provision in section 18-2(b) (720 ILCS 5/18-2(b) (West 2008)) requiring the 15-year enhancements is void *ab initio*. When enacted, this provision violated the proportionate-penalties clause, and therefore, in the eyes of the law, the provision never came into being. It follows that the new sentences should not include any 15-year enhancements, given that the statutory authority for those enhancements is nonexistent.

¶ 5                                    I. BACKGROUND

¶ 6                       A. Defendant's Self-Representation in the
                         Posttrial Hearing and the Sentencing Hearing

¶ 7        The trial court admonished defendant in June 2009, at the time of his first appearance, describing to him the charges and informing him of the potential penalty he faced if found guilty. He would be ineligible for probation, and he could be sentenced to an extended prison term of not less than 21 years and not more than 75 years, the court told him.

¶ 8        On April 12, 2010, after the jury trial but before the posttrial hearing and the sentencing hearing, defendant requested to discharge his appointed counsel and to proceed *pro se*. The trial court admonished defendant that a licensed attorney had superior knowledge of law and procedure and that, on appeal, defendant would be precluded from raising his own ineffectiveness. At that time, however, the court did not admonish defendant of the potential sentences he faced.

¶ 9        The trial court accepted defendant's waiver of counsel, and defendant thereafter represented himself in the posttrial proceedings and the sentencing hearing. On November 5, 2010, after denying defendant's posttrial motions, the court sentenced him to 2 concurrent 40-year terms of imprisonment, each of which included a 15-year enhancement based on his possession of a firearm during the robbery. See 720 ILCS 5/18-2(a)(2), (b) (West 2008).

¶ 10                        B. Defendant's Letter to the Trial Court

¶ 11       In October 2009, before the jury trial, defendant personally wrote a letter to the trial court, requesting that when sentencing him for the armed robberies in the present case, the court would disregard his previous conviction of murder. (A motion to withdraw, by defendant's second attorney, was pending at the time.) Defendant argued, in this letter, that the court should not hold his murder conviction against him, because the murder victim was his abusive father. His father had beat him over and over again. He had complained to the police and to the Department of Children and Family Services, to no avail. Finally, at age 16, after receiving yet another beating, he decided he had had enough, and he shot his father. Defendant believed that if defense counsel had not "tricked" him into pleading guilty in the murder case, he would have been convicted of second-degree murder instead of first-degree murder.

¶ 12       As for the armed robberies, defendant (then age 29) explained to the trial court that he had fallen under the influence of a bad person, Jimeal Green. Defendant wrote:

    "Your Honor, I just need for u [*sic*] to allow me another chance. I'm a half-way decent

person who allowed the wrong person into my life, and that person is Jimeal Green! I was threatened to the point I feared what would happen to me & my family. Despite that fact, I still committed ah [*sic*] crime & I'm willing to take responsibility for that! My father did teach me that's what a real man should always be willing to do!

With that said, your Honor, I ask that you sentence me as if I never had the murder in my background, and sentence me as if I only have an armed robbery! So your Honor I'm writing you today asking for 'a sentence of eight years/four months bootcamp.' As for the bussiness [*sic*] (fantacies [*sic*]) I'm willing to do 'two years community service,' cause I honestly feel bad for what happen [*sic*]!"

(Fantasy's Adult Bookstore was where defendant had committed the armed robberies of which he eventually would be found guilty. He was on mandatory supervised release on May 31, 2009, when he committed the armed robberies.)

¶ 13 At the end of his letter, defendant pointed out that, for a year while he was on mandatory supervised release, he had "walked a straight line" and stayed out of trouble. He promised he would walk a straight line again if only the trial court would give him another chance. He wrote:

"I truely [*sic*] don't feel what Im [*sic*] asking is out of line your Honor, so I ask that you really give it some serious thought! All together I'll be doing about six months in prison, four months bootcamp, two years Community Service for fantacies [*sic*] / And two years probation upon my Release! Your Honor I want this, cause it allowed me to be punished, and at the same time, be restored back to useful citizenship, where I will be ah [*sic*] productive citizen of Champaign County! Just please allow me this chance! So your Honor to sum it up, this is what I'll do if you grant this.

–parole violation: 6 to 9 months in prison

–8 years / Bootcamp: 4 months in Bootcamp

–two years of Community Service at fantacies [*sic*]

–two years of probation upon my release

Please consider this you [*sic*] Honor!"

¶ 14 During the sentencing hearing, the trial court used this letter against defendant. After imposing 2 concurrent prison terms of 40 years for the 2 counts of armed robbery, the court explained its reasons for these sentences, and one of the reasons was that, in his letter (as the court interpreted it), defendant had attempted to "deflect blame onto someone else and ha[d] refused to take personal responsibility for his conduct." The court understood defendant as saying, in his letter, that "the murder conviction was really his father's fault." Also, in the court's interpretation, defendant had blamed his trial counsel for losing the trial in the murder case instead of blaming himself for committing the murder in the first place.

¶ 15                                              II. ANALYSIS

¶ 16        A. Omitting an Admonition That Supreme Court Rule 401(a) Required

¶ 17 Rule 401(a) provides in part:

"The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 18    The trial court must give these admonitions to the defendant at the time it accepts the defendant's waiver of counsel. *People v. Jiles*, 364 Ill. App. 3d 320, 329 (2006). Prior admonishments, given to the defendant several months earlier, when the defendant was not requesting to waive counsel, do not satisfy Rule 401(a). *People v. Stoops*, 313 Ill. App. 3d 269, 275 (2000); *People v. Langley*, 226 Ill. App. 3d 742, 749-50 (1992).

¶ 19    The State agrees that by omitting to tell defendant, on April 12, 2010, "the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences," the trial court failed to comply with Rule 401(a) and that defendant's waiver of counsel on that date therefore was invalid. Ill. S. Ct. R. 401(a)(2). The remedy is to remand the case for a new posttrial hearing and a new sentencing hearing, with directions to comply fully with Rule 401(a). *Langley*, 226 Ill. App. 3d at 753. We grant that remedy.

¶ 20            B. Using Defendant's Letter Against Him in the Sentencing Hearing

¶ 21    Supreme Court Rule 402(f) provides:

"If a plea discussion does not result in a plea of guilty, or if a plea of guilty is not accepted or is withdrawn, or if judgment on a plea of guilty is reversed on direct or collateral review, neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." Ill. S. Ct. R. 402(f).

A "plea discussion" within the meaning of Rule 402(f) " 'must contain the rudiments of the negotiation process, *i.e.*, a willingness by defendant to enter a plea of guilty in return for concessions by the State.' " *People v. Taylor,* 289 Ill. App. 3d 399, 403 (1997) (quoting *People v. Friedman*, 79 Ill. 2d 341, 353 (1980). In other words, a plea negotiation consists of two things: (1) an offer to plead guilty and (2) a request for a concession by the State in return. *Taylor*, 289 Ill. App. 3d at 403. In his letter to the trial court, defendant acknowledged his responsibility and admitted committing a crime, but we do not see where he offered to plead guilty. At the end of his letter, defendant writes, "So your Honor to sum it up, this is what I'll do if you grant this," but it appears, from the immediate context, that what he proposes doing is being a "productive citizen of Champaign County." Nowhere in the letter does he say he will plead guilty to either count of the information. Consequently, we conclude, in our *de novo* review, that defendant's letter was not a "plea discussion" and that

Rule 402(f) did not preclude the trial court from considering the letter when fashioning a sentence. See *People v. Wanke*, 303 Ill. App. 3d 772, 780 (1999) ("Where, as in this case, the facts regarding whether statements are plea related are uncontested, a reviewing court may review the issue *de novo*.").

¶ 22                    C. The 15-Year Enhancements of the Sentences for Armed Robbery

¶ 23        The text of the armed-robbery statute (720 ILCS 5/18-2(a) (West 2008)) provides several alternative definitions of armed robbery, including a type of armed robbery of which defendant was convicted in this case, armed robbery while in possession of a firearm (720 ILCS 5/18-2(a)(2) (West 2008)). If, when committing a robbery, a person "carries on or about his or her person[,] or is otherwise armed with[,] a firearm" (*id.*), the person commits "a Class X felony for which *15 years shall be added to the term of imprisonment imposed by the court*" (emphasis added) (720 ILCS 5/18-2(b) (West 2008)). It would seem, then, that the trial court is supposed to decide what prison sentence the defendant deserves within the normal Class X range, *i.e.*, imprisonment for no less than 6 years and no more than 30 years (730 ILCS 5/5-8-1(a)(3) (West 2008)), and "impose" that sentence. 720 ILCS 5/18-2(b) (West 2008). A court imposes a sentence by orally pronouncing it. *People v. Williams*, 97 Ill. 2d 252, 310 (1983). Then, after the court imposes its sentence, regardless of the number of years of imprisonment within the 6- to 30-year range that the court selects, the legislature will be of the opinion that the defendant deserves 15 more years, which will be "added to the term of imprisonment imposed by the court." 720 ILCS 5/18-2(b) (West 2008). Added by whom? Presumably, not by the court, because "the court may not increase a sentence once it is imposed." 730 ILCS 5/5-8-1(c) (West 2008); 730 ILCS 5/5-4.5-50(d) (West 2010). It would seem that the 15 additional years of imprisonment are automatically added to the term of imprisonment imposed by the court, with the rather strange result that the sentence of imprisonment that the court imposes will be a gross understatement of the term of imprisonment that the defendant actually must serve.

¶ 24        Anyway, setting aside the conundrum of how the 15-year enhancement is supposed to work, defendant argues that the provision in section 18-2(b) of the Criminal Code of 1961 (720 ILCS 5/18-2(b) (West 2008)) requiring this enhancement is void *ab initio* as violative of the proportionate-penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). To evaluate this proportionate-penalties argument, we will consider a sequence of cases: *People v. Wagner*, 89 Ill. 2d 308 (1982); *People v. Manuel*, 94 Ill. 2d 242 (1983); *People v. Lewis*, 175 Ill. 2d 412 (1997); *People v. Harvey*, 366 Ill. App. 3d 119 (2006); *People v. Hauschild*, 226 Ill. 2d 63 (2007); and *People v. Brown*, 2012 IL App (5th) 100452. The simplest and least confusing way to proceed is to discuss these cases one by one, in chronological order.

¶ 25                                     1. *Wagner*

¶ 26        In *Wagner*, 89 Ill. 2d at 310, the trial court found the defendant guilty, in a bench trial, of violating section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56 1/2, ¶ 1404) in that on January 4, 1979, he delivered a substance represented to be heroin

(but which was not heroin). The supreme court reversed the conviction, however, because section 404 punished the delivery of a noncontrolled substance represented to be a controlled substance as a Class 3 felony whereas section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56 1/2, ¶ 1401) punished the delivery of an actual controlled substance less severely, as a Class 4 felony. *Wagner*, 89 Ill. 2d at 310, 313. Because section 404 was "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public," section 404 violated the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). *Wagner*, 89 Ill. 2d at 313.

¶ 27       Although, in Public Act 81-583 (eff. Sept. 14, 1979), the legislature had amended sections 401(e) and (f) so as to make the delivery of a controlled substance a Class 3 felony, like the delivery of a noncontrolled substance, this amendment was inapplicable to the defendant, and did not save his conviction, because the amendment went into effect *after* his violation of section 404. See *Wagner*, 89 Ill. 2d at 310.

¶ 28                              2. *Manuel*

¶ 29       In *Manuel*, 94 Ill. 2d at 243, all of the defendants were charged with violating section 404 (Ill. Rev. Stat. 1979, ch. 56 1/2, ¶ 1404), which, again, was the statute criminalizing the delivery of a noncontrolled substance represented to be a controlled substance. The trial court dismissed the charges because *Wagner* had held section 404 to be unconstitutional. *Manuel*, 94 Ill. 2d at 243.

¶ 30       On appeal to the supreme court, the State argued that the dismissal of the charges was erroneous, and that *Wagner* no longer was applicable, because the defendants *violated section 404 after* the effective date of Public Act 81-583, which, according to the State, "change[d] the statutory scheme so as to remedy the unconstitutional classification addressed in *Wagner*." *Id.* at 244. By the State's reasoning, "*Wagner* [did] not preclude a prosecution under section 404 'as amended' because that decision [was] applicable only to the statutory scheme in effect at the time of that defendant's offense." *Id.*

¶ 31       The problem with this reasoning, according to the supreme court, was that Public Act 81-583 never amended section 404, under which the defendants were charged; it amended only sections 401 and 402, the sections criminalizing the delivery of a controlled substance. *Id.* The supreme court explained:

> "While we agree that the fortuitous effect of the amendment was to change the statutory scheme so as to remedy the unconstitutional classification addressed in *Wagner*, we cannot agree that the amendment to sections 401 and 402 can operate to, in essence, revive a different statute which this court subsequently holds unconstitutional.
>
>      When a statute is held unconstitutional in its entirety, it is void *ab initio* \*\*\*." *Id.* at 244-45.

Because Public Act 81-583 amended sections 401 and 402 but not section 404, section 404 remained void *ab initio*. See *id.* at 245 ("Had the legislature amended section 404, as it now has (Pub. Act 82-968 (eff. Sept. 7, 1982)), we would then have been in a position to examine anew its validity within what would then be a new statutory scheme. At the time of these offenses, however, section 404 had not been amended, and we therefore hold that *Wagner*

precludes these prosecutions."). So, essentially, the fallacy of the State's "statutory scheme" argument was that the argument assumed the existence of section 404 as part of the "statutory scheme"–whereas, in the eyes of the law, section 404 never came into existence in the first place, because it was unconstitutional when passed.

¶ 32                                              3. *Lewis*

¶ 33        In *Lewis*, 175 Ill. 2d at 414, the defendant was charged with both armed violence predicated on robbery committed with a category I weapon, *i.e.*, a handgun (720 ILCS 5/33A-1(b) (West 1994)), and armed robbery while armed with a handgun (720 ILCS 5/18-2 (West 1994)). These were, as the supreme court said, two "substantively identical offenses." *Lewis*, 175 Ill. 2d at 418. Nevertheless, the penalty for armed violence predicated on robbery committed with a category I weapon was a nonextended-term sentence ranging from 15 to 30 years' imprisonment (720 ILCS 5/33A-3(a) (West 1994)) whereas the penalty for armed robbery while armed with a handgun was a nonextended-term sentence ranging from 6 to 30 years' imprisonment (720 ILCS 5/18-2(b) (West 1994); 730 ILCS 5/5-8-1(a)(3) (West 1994)). *Lewis*, 175 Ill. 2d at 418. (In 1995, when the defendant in *Lewis* committed the offenses (*id.* at 414), the 15-year enhancement had not yet been added to the armed-robbery statute.) Because these offenses were substantively identical and yet armed violence predicated on robbery committed with a category I weapon carried a greater minimum prison term than armed robbery while armed with a handgun, the supreme court held that "the penalty for armed violence predicated on robbery committed with a category I weapon violate[d] the proportionate penalties clause." *Id.* at 418.

¶ 34                                              4. *Harvey*

¶ 35        In *Harvey*, 366 Ill. App. 3d at 121-22, the trial court convicted the defendant, in a bench trial, of the offense of armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4) (West 2000)), for which the court sentenced him to 40 years' imprisonment. On appeal, the defendant argued that, under the identical-elements test recently prescribed by *People v. Sharpe*, 216 Ill. 2d 481, 519 (2005), his 40-year sentence violated the proportionate-penalties clause because the sentence of 31 years' to life imprisonment one could receive for armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(b) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000)) was significantly greater than the 25 to 40 years' imprisonment one could receive for the equivalent offense of armed violence predicated on robbery with a category I weapon (720 ILCS 5/33A-2(c), 18-1(a), 33A-3(b-10) (West 2000)). *Harvey*, 366 Ill. App. 3d at 123, 127.

¶ 36        The State argued, on the other hand, that the defendant could not compare the offense of armed robbery/discharging a firearm and causing great bodily harm to the offense of armed violence predicated on robbery, because *Lewis* had eliminated the offense of armed violence predicated on robbery by holding that the penalty for that offense violated the proportionate-penalties clause. *Id.* at 123. The First District disagreed with the asserted nonexistence of armed violence predicated on robbery, because the supreme court decided *Lewis* before the enactment of Public Act 91-404 (eff. Jan. 1, 2000) (*Harvey*, 366 Ill. App. 3d at 123 n.2, 125),

-8-

which amended *both* the armed-robbery statute and the armed-violence statute, thereby bringing the offense of armed violence predicated on robbery into existence (*id.* at 125-26).

¶ 37    Public Act 91-404 amended the armed-robbery statute by adding what are commonly known as the " '15/20/25-to-life' sentencing provisions" (provisions under which the defendant in the present case was sentenced). *Id.* at 125. As amended by Public Act 91-404, the armed-robbery statute now provided as follows:

> " '§ 18-2. Armed robbery.
>
> (a) A person commits armed robbery when he or she violates Section 18-1 [(robbery)];
>
> and
>
> > (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
> >
> > (2) he or she carries on or about his or her person or is otherwise armed with a firearm; or
> >
> > (3) he or she, during the commission of the offense, personally discharges a firearm; or
> >
> > (4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.
>
> (b) Sentence.
>
> Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(3) is a Class X felony for which 20 years shall be added to the term of imprisonment imposed by the court. A violation of subsection (a)(4) is a Class X felony for which 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court.' " *Id.* at 125-26 (quoting 720 ILCS 5/18-2(a), (b) (West 2000)).

¶ 38    Also, Public Act 91-404 added subsection (c) to the armed-violence statute (720 ILCS 5/33A-2(c) (West 2000)) and subsection (b-10) to the armed-violence sentencing statute (720 ILCS 5/33A-3(b-10) (West 2000)). *Harvey*, 366 Ill. App. 3d at 126. Those two subsections provided, respectively, as follows:

> " '(c) A person commits armed violence when he or she personally discharges a firearm that is a Category I or Category II weapon that proximately causes great bodily harm, permanent disability, or permanent disfigurement or death to another person while committing any felony defined by Illinois law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, armed robbery, or aggravated vehicular hijacking'
>
> and:
>
> > '(b-10) Violation of Section 33A-2(c) with a firearm that is a Category I or Category II weapon is a Class X felony for which the defendant shall be sentenced to a term of

imprisonment of not less than 25 years nor more than 40 years.' " *Harvey*, 366 Ill. App. 3d at 126 (quoting 720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000)).

¶ 39    Consequently, the First District held: "Public Act 91-404 revived the offense of armed violence predicated on robbery when it amended the sentence for armed robbery/discharging a firearm and causing great bodily harm, making it greater than the punishment for armed violence with a category I or category II weapon predicated on robbery." *Harvey*, 366 Ill. App. 3d at 127. Armed robbery/discharging a firearm and causing great bodily harm was now a Class X felony with an " 'add-on penalty' " of 25 years' to life imprisonment (720 ILCS 5/18-2(a)(4), (b) (West 2000); 730 ILCS 5/5-8-1(a)(3) (West 2000)), whereas armed violence predicated on robbery with a category I or category II weapon was a Class X felony punishable by 25 to 40 years' imprisonment (720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000)). *Harvey*, 366 Ill. App. 3d at 127. Because Public Act 91-404 had amended the statutory penalties for *both* offenses in this manner, "the holding in *Lewis* [could] no longer be used as a basis to preclude comparison of armed robbery/discharging a firearm and causing great bodily harm to armed violence with a category I or category II weapon for purposes of proportionality review." *Id.* ("A Category I weapon is a handgun, sawed-off shotgun, sawed-off rifle, any other firearm small enough to be concealed upon the person, semiautomatic firearm, or machine gun. A Category II weapon is any other rifle, shotgun, spring gun, other firearm, stun gun or taser ***, knife with a blade of at least 3 inches in length, dagger, dirk, switchblade knife, stiletto, axe, hatchet, or other deadly or dangerous weapon or instrument of like character." 720 ILCS 5/33A-1(c)(2) (West 2000).) In short, the offense of armed violence with a category I or category II weapon now existed for purposes of proportionality review. *Id.*

¶ 40    The State argued, alternatively, that even if the offense of armed violence with a category I or category II weapon existed by virtue of Public Act 91-404, the two offenses–armed robbery/discharging a firearm and causing great bodily harm and armed violence predicated on robbery with a category I weapon–failed the identical-elements test because Public Act 91-404 had amended the armed-violence statute so as to exclude *armed robbery* as a predicate offense for armed violence (see 720 ILCS 5/33A-2(c) (West 2000)). *Harvey*, 366 Ill. App. 3d at 127-28. Even so, the First District observed, the armed-violence statute still allowed *robbery* to serve as a predicate offense (*Harvey*, 366 Ill. App. 3d at 128); consequently, the First District concluded that the offense of armed robbery/discharging a firearm and causing great bodily harm (720 ILCS 5/18-2(a)(4) (West 2000)) and the offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-2(c), 33A-3(b-10) (West 2000)) still had identical elements, despite the enactment of Public Act 91-404. *Harvey*, 366 Ill. App. 3d at 128.

¶ 41    Even though the two offenses had identical elements, one offense carried a steeper penalty than the other. With the mandatory "add-on penalty" of 25 years, the penalty for armed robbery/discharging a firearm and causing great bodily harm was 31 years' to life imprisonment (720 ILCS 5/18-2(a)(4), (b) (West 2000)) in contrast to the penalty of 25 to 40 years' imprisonment for armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-3(b-10) (West 2000)). *Harvey*, 366 Ill. App. 3d at 130. Therefore, the First District held that the 25-year "add-on penalty" for armed

robbery/discharging a firearm and causing great bodily harm violated the proportionate-penalties clause. *Id.*

¶ 42                                                5. *Hauschild*

¶ 43     In *Hauschild*, 226 Ill. 2d at 84-85, the supreme court agreed with *Harvey*'s analysis regarding the effect of Public Act 91-404. The supreme court agreed that "Public Act 91-404 'revived' the offense of armed violence predicated on robbery when it amended the sentence for certain armed robberies to add the 15/20/25-to-life provisions, creating more severe penalties for those offenses than for armed violence predicated on robbery." *Id.* at 84 (citing *Harvey*, 366 Ill. App. 3d at 127). The supreme court also agreed that because Public Act 91-404 did not exclude *robbery* as a predicate offense, its exclusion of *armed robbery* as a predicate offense did not prevent armed robbery and armed violence predicated on robbery from having identical elements for purposes of proportionality review. *Hauschild*, 226 Ill. 2d at 85 (citing *Harvey*, 366 Ill. App. 3d at 128).

¶ 44     Having concluded that armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)) and armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-2(a) (West 2000)) were indeed comparable, the supreme court compared the two offenses and concluded that they had identical elements. *Hauschild*, 226 Ill. 2d at 86. Next, the supreme court compared the penalties for the two offenses and found that the penalty for one offense was more severe than the penalty for the other. *Id.* Armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)) was a Class X felony, punishable by 6 to 30 years' imprisonment (730 ILCS 5/5-8-1(a)(3) (West 2000)), with a "mandatory 'add-on penalty' of 15 years, making the possible sentence for armed robbery while armed with a firearm 21 to 45 years['] [imprisonment] (720 ILCS 5/18-2(a)(2), (b) (West 2000))." *Hauschild*, 226 Ill. 2d at 86. By contrast, armed violence carried a penalty of only 15 to 30 years' imprisonment (720 ILCS 5/33A-3(a) (West 2000)). *Hauschild*, 226 Ill. 2d at 86. Hence, the supreme court held that the penalty for armed robbery while armed with a firearm (720 ILCS 5/18-2(b) (West 2000)) violated the proportionate-penalties clause, because the penalty for that offense was more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-3(a), (a-5) (West 2000)). *Hauschild*, 226 Ill. 2d at 86-87.

¶ 45     In a word, Public Act 91-404 substituted one proportionate-penalties problem for another. Before the enactment of Public Act 91-404, the penalty for armed violence predicated on robbery with a category I weapon (720 ILCS 5/33A-1 (West 1994)) violated the proportionate-penalties clause because the penalty for that offense was more severe than the penalty for the identical offense of armed robbery while armed with a firearm (720 ILCS 5/18-2 (West 1994)). *Lewis*, 175 Ill. 2d at 418. Instead of eliminating the disparity, Public Act 91-404 merely switched it around. After the enactment of Public Act 91-404, armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2000)) now carried a steeper penalty than armed violence predicated on robbery with a category I or category II weapon (720 ILCS 5/33A-2(a) (West 2000)), thereby violating the proportionate-penalties clause again. *Hauschild*, 226 Ill. 2d at 86-87.

-11-

¶ 46                                            6. *Brown*

¶ 47        In *Brown*, 2012 IL App (5th) 100452, ¶ 1, a jury found the defendant guilty of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2008)), for which the trial court sentenced him to imprisonment for 22 years. This 22-year prison term included the 15-year "add-on penalty" in section 18-2(b) (720 ILCS 5/18-2(b) (West 2008)). *Brown*, 2012 IL App (5th) 100452, ¶ 4.

¶ 48        On appeal, the defendant argued the trial court had erred by applying the 15-year enhancement to his sentence, because in *Hauschild*, 226 Ill. 2d at 86-87, the supreme court had held that this 15-year enhancement violated the proportionate-penalties clause. *Brown*, 2012 IL App (5th) 100452, ¶ 1. He argued that, under this holding in *Hauschild*, the 15-year enhancement in section 18-2(b) (720 ILCS 5/18-2(b) (West 2008)) was void *ab initio*. *Brown*, 2012 IL App (5th) 100452, ¶ 10.

¶ 49        The Fifth District disagreed with the defendant because after the supreme court issued its decision in *Hauschild*, the legislature enacted Public Act 95-688 (eff. Oct. 23, 2007), which amended the armed-violence statute (720 ILCS 5/33A-2(a) (West 2006)) so as to make it "impossible to generate an armed-violence conviction predicated on robbery[,] even though the amendment did not alter the 15-year enhancement for armed robbery committed with a firearm." *Brown*, 2012 IL App (5th) 100452, ¶ 12. Before Public Act 95-688, the armed-violence statute excepted *armed robbery* as a predicate offense but did not except *robbery*. 720 ILCS 5/33A-2(a) (West 2006). The exception of armed robbery, without the exception of robbery, left armed robbery and armed violence as still having identical elements for purposes of proportionality review. *Hauschild*, 226 Ill. 2d at 85; *Harvey*, 366 Ill. App. 3d at 128.

¶ 50        Public Act 95-688 intended to fix that problem; it amended the armed-violence statute for the express purpose of " 'avoid[ing] any further disproportionate penalty challenges to the statute that might arise.' " *Brown*, 2012 IL App (5th) 100452, ¶ 13 (quoting 95th Ill. Gen. Assem., Senate Proceedings, July 26, 2007, at 8-9 (statements of Senator Cullerton)). As amended by Public Act 95-688, section 33A-2(a) (720 ILCS 5/33A-2(a) (West 2008)) now provided:

    " 'A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, second degree murder, involuntary manslaughter, reckless homicide, predatory criminal sexual assault of a child, aggravated battery of a child, home invasion, *or any offense that makes the possession or use of a dangerous weapon either an element of the base offense, an aggravated or enhanced version of the offense, or a mandatory sentencing factor that increases the sentencing range*.' " (Emphasis in original.) *Brown*, 2012 IL App (5th) 100452, ¶ 9 (quoting 720 ILCS 5/33A-2(a) (West 2008)).

Because armed robbery made "the possession or use of a dangerous weapon" an element of the offense (720 ILCS 5/18-2(a) (West 2008)), Public Act 95-688 had eliminated the offense of armed violence predicated on robbery, and hence armed robbery and armed violence no

longer could have identical elements for purposes of the proportionate-penalties clause. *Brown*, 2012 IL App (5th) 100452, ¶ 16.

¶ 51 Nevertheless, the defendant in *Brown* argued, this amendment of the armed-violence statute could not change two legal realities: (1) the supreme court held, in *Hauschild*, 226 Ill. 2d at 86-87, that the 15-year enhancement in a different statute, the armed-robbery statute (720 ILCS 5/18-2(b) (West 2008)), under which he was sentenced, violated the proportionate-penalties clause; and (2) the 15-year enhancement in the armed-robbery statute was therefore void *ab initio*. *Brown*, 2012 IL App (5th) 100452, ¶ 10. The Fifth District disagreed. It reasoned that just as the supreme court held, in *Hauschild*, 226 Ill. 2d at 84, that Public Act 91-404 had " 'revived' the offense of armed violence predicated on robbery held unconstitutional by *Lewis*," so had Public Act 95-688 "revived" the 15-year enhancement in the armed-robbery statute. *Brown*, 2012 IL App (5th) 100452, ¶¶ 15-16. The Fifth District said:

"Similarly, Public Act 95-688 'revived' the sentencing scheme in the armed-robbery statute by fixing the proportionate-penalties violation. As previously stated, it is no longer possible for armed violence to be predicated on robbery under section 33A-2(a) of the Criminal Code (720 ILCS 5/33A-2(a) (West 2008)). The 15-year sentence enhancement under the armed-robbery statute violated the proportionate-penalties clause because armed robbery contained identical elements but carried a more severe penalty than the offense of armed violence predicated on robbery. The legislature cured this proportionate-penalties violation by removing the impediment to the sentence enhancement's enforcement, *i.e.*, the offense of armed violence predicated on robbery.

Accordingly, we determine that the legislature revived the 15-year sentencing enhancement in the armed-robbery statute by enacting Public Act 95-688, and therefore, the trial court correctly applied the sentence enhancement against the defendant at sentencing." *Id.* ¶¶ 16-17.

¶ 52 In the present case, the State urges us to follow *Brown* in its holding that Public Act 95-688 has revived the 15-year enhancement in the armed-robbery statute (720 ILCS 5/18-2(b) (West 2008)). But *cf. People v. Clemons*, 2012 IL 107821, ¶¶ 51-52 (in which the State recently made the opposite argument: that the State "[could] no longer obtain an enhanced sentence for armed robbery with a firearm," given that when the legislature adopted Public Act 95-688 in response to *Hauschild*, it "eliminated robbery as a predicate felony for armed violence, but did not reenact the sentencing enhancements for armed robbery"). The logic in *Brown*, however, suffers from a fatal flaw: Public Act 95-688 is not truly comparable to Public Act 91-404. Public Act 91-404 amended *both* the armed-robbery statute and the armed-violence statute (*Harvey*, 366 Ill. App. 3d at 125-26), whereas Public Act 95-688 amended the armed-violence statute while leaving the armed-robbery statute unchanged. To this day, section 5 of Public Act 91-404 is the latest amendment to the armed-robbery statute. Consequently, we follow the holding in *Manuel*, 94 Ill. 2d at 244, that the amendment of one statute does not validate a different statute that is void *ab initio* by reason of its unconstitutionality. *Brown* provides a "statutory scheme" rationale that essentially is no different from the State's misguided "statutory scheme" argument in *Manuel*, 94 Ill. 2d at 244. The "statutory scheme," so it is thought, contains both the 15-year enhancement in the

armed-robbery statute (720 ILCS 5/18-2(b) (West 2008)) and the newly revised armed-violence statute (720 ILCS 5/33A-2(a) (West 2008)). In actuality, however, the 15-year enhancement in section 18-2(b) is not part of the "statutory scheme"; rather, that provision is void *ab initio*, a nullity from the start, an aborted legislative enactment. "When a statute is held unconstitutional in its entirety, it is void *ab initio* ***." *Manuel*, 94 Ill. 2d at 244-45.

¶ 53    Granted, no court has ever held the armed-robbery statute to be unconstitutional *in its entirety*. Nevertheless, the doctrine of voidness *ab initio* applies equally to unconstitutional amendments of statutes. "The effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment." *People v. Gersch*, 135 Ill. 2d 384, 390 (1990); see also *People v. Coleman*, 399 Ill. App. 3d 1150, 1158 (2010). An unconstitutional amendment to a statute is void *ab initio*, as though the amendment never were passed. *Van Driel Drug Store, Inc. v. Mahin*, 47 Ill. 2d 378, 381-82 (1970).

¶ 54    In summary then, section 5 of Public Act 91-404 violated the proportionate-penalties clause by amending subsection (b) of the armed-robbery statute so as to enhance, by 15 years, the penalty for armed robbery while armed with a firearm (*Hauschild*, 226 Ill. 2d at 86-87); hence, that amendment of subsection (b) was void *ab initio*, as if the amendment were never passed (see *Manuel*, 94 Ill. 2d at 244-45; *Gersch*, 135 Ill. 2d at 390; *Van Driel*, 47 Ill. 2d at 381-82; *Coleman*, 399 Ill. App. 3d at 1158). Given this voidness of the 15-year enhancement from the start, we disagree with *Brown* that Public Act 95-688 fixed the problem. *Brown* erroneously concludes that the amendment of the armed-violence statute by Public Act 95-688 validated the 15-year enhancement in a different statute, the armed-robbery statute. The fallacy of that conclusion lies in its assumption that the 15-year enhancement *existed* so as to be validated by the amendment of the armed-violence statute.

¶ 55                                    III. CONCLUSION

¶ 56    For the foregoing reasons, we affirm the trial court's judgment in part and vacate it in part, and we remand this case with directions. We affirm the convictions, but we vacate the rulings on the posttrial motions and vacate the sentences. We remand this case with directions to give defendant a new posttrial hearing and a new sentencing hearing, either with the assistance of counsel or–after fully complying with Rule 401(a)–without the assistance of counsel. Of course, the new sentences shall not include 15-year enhancements.

¶ 57    Affirmed in part and vacated in part; cause remanded with directions.