**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210427-U

Order filed May 11, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0427 Circuit No. 10-CF-1096 |
| DANIEL EMMANUEL MOORE, | ) ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE PETERSON delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant failed to prove by a preponderance of the evidence that he received ineffective assistance of counsel.

¶ 2     Defendant, Daniel Emmanuel Moore, appeals from the Peoria County circuit court's denial of his postconviction petition following a third-stage evidentiary hearing. Defendant argues that he proved by a preponderance of the evidence that counsel provided ineffective assistance by advising him that a mandatory 15-year sentencing enhancement was or might be unconstitutional, which prompted him to reject a favorable plea offer. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4          Following a jury trial in November 2011, defendant was found guilty of two counts of armed robbery (720 ILCS 5/18-2(a)(2) (West 2010)) and one count of burglary (*id.* § 19-1(a)). In October 2012, prior to sentencing, defendant's trial counsel filed a motion seeking a ruling that a 15-year firearm enhancement was unconstitutional because the supreme court in *People v. Hauschild*, 226 Ill. 2d 63, 86-87 (2007) held that it violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I., § 11) and subsequent legislation failed to revive it. The motion noted that, at the time, there was a split amongst the appellate courts as to whether the enhancement remained unconstitutional or whether it had been revived and it cited to *People v. Gillespie*, 2012 IL App (4th) 110151 and *People v. Brown*, 2012 IL App (5th) 100452, as well as this court's unpublished order in *People v. Blair*, 2012 IL App (3d) 100743-U. The court denied the motion. It sentenced defendant to concurrent 35-year terms of imprisonment for each of the armed robbery charges and a 14-year term of imprisonment for the burglary charge. The 35-year sentences for armed robbery each consisted of a 20-year sentence plus the 15-year enhancement. Defendant appealed and this court affirmed in part and reversed and remanded in part. *People v. Moore*, 2014 IL App (3d) 120928-U, ¶ 35.

¶ 5          Defendant filed, as a self-represented litigant, a postconviction petition alleging that he received ineffective assistance of trial counsel during plea negotiations. Specifically, defendant alleged that, based on a misapprehension of the law, counsel advised him that the 15-year enhancement did not apply to him and to reject the State's offer of 20 years' imprisonment. Defendant further alleged that he rejected the offer based on counsel's advice and if he had known the 15-year enhancement applied to him, he would have accepted the offer.

¶ 6    Defendant was appointed postconviction counsel and the matter ultimately proceeded to a third-stage evidentiary hearing. Defendant testified that prior to trial he received an offer from the State of 20 years' imprisonment. Trial counsel told him the State was "willing to drop one armed robbery, the 21 to 45, if [defendant was] willing to give up [his] appeal rights and take 20 years. Trial counsel advised that only three things could happen, he could: (1) accept the 20-year deal and serve 10 years; (2) go to trial and be found not guilty; or (3) be found guilty at trial and face up to 30 years' imprisonment, because the 15-year enhancement did not apply to him. Defendant stated that trial counsel told him that the courts were "having issues with this matter as we speak under the *Hauschild* and *Garcia*." Trial counsel advised defendant not to take the plea deal. Defendant's understanding was that he faced between 6 and 30 years' imprisonment and not 21 to 45 years' imprisonment because trial counsel told him the 15-year enhancement was unconstitutional. He based his decision to reject the plea on counsel's advice. Defendant would have accepted the deal if he had known he faced 21 to 45 years' imprisonment. Defendant explained his reasoning for rejecting the 20-year offer when he believed the maximum he was facing was 30 years by saying, "If I take 20 and do 10 and I get 30 and only do 15, that's a small window."

¶ 7    Defendant admitted that trial counsel told him that the State believed the 15-year enhancement was valid and the sentencing range was 21 to 45 years' imprisonment but stated counsel also told him the State was wrong. When the State asked if defendant stated that he told trial counsel he understood 21 years' imprisonment could be his minimum, defendant stated, "I recall saying if they would apply the 21 to 45, but it looked like it was 6 to 30. So, you know, I was looking at the 6 to 30."

¶ 8    Trial counsel testified that he would never tell a client that something was guaranteed. Due to the length of time that had passed since trial, counsel no longer had his file regarding this matter and thus, was unable to review the same. With regard to the plea offer at issue, counsel remembered that the 15-year enhancement was at issue and they were aware of that prior to trial. They discussed that "what was at play" was whether the enhancement applied. Trial counsel testified that a case had stricken that enhancement but there was also a legislative enactment that was thought to revive it. He also noted that a couple of appellate cases had held the enhancement was not revived, including an unpublished decision from this court and that at sentencing he argued the enhancement did not apply based upon those cases.

¶ 9    As to his discussion with defendant, counsel stated that "[t]he discussion I had with [defendant] was this either applies or it doesn't. If it does not apply, your sentencing range is 6 to 30. If it does apply, your sentencing range is 21 to 45." Trial counsel never promised defendant that the enhancement would not apply. Counsel recalled discussing with defendant that if the enhancement did apply, the offer was a better offer than if the enhancement did not apply. Counsel stated that "[i]t just didn't go the way [defendant's] recollecting with me guaranteeing an outcome." He advised defendant "very clearly" that there was a scenario in which the 15-year enhancement would apply and his discussions with defendant included the fact that they were dealing with different potential sentencing ranges, depending on whether the enhancement applied. At the time of defendant's case, he would not have told any clients whether or not to take an offer because it is the client's decision.

¶ 10    Trial counsel filed a motion regarding whether the 15-year enhancement applied, but it was filed after the verdict and prior to sentencing. Counsel admitted it may have been a better

4

practice to file that motion prior to defendant making a decision on the offer but added that he was not sure the court would have entertained it at that point.

¶ 11    The court determined that the issue regarding the 15-year enhancement was evolving. It found that the "uncertainty at the time most certainly made it challenging to advise criminal defendants, including [defendant] about the penalty range." Further, the court found that defendant was aware of the conflict regarding the sentencing range and trial counsel addressed the conflict prior to trial and before sentencing. The court concluded that defendant failed to meet his burden of establishing ineffective assistance, in part, based upon the timeline of the evolution of the law regarding the enhancement and the testimony from defendant and posttrial counsel referencing the fluidity of the law. The court denied the postconviction petition. Defendant appeals.

¶ 12                              II. ANALYSIS

¶ 13    Defendant argues that he proved by a preponderance of the evidence that he received ineffective assistance of trial counsel during plea negotiations. He argues that there was no legal basis for trial counsel to advise defendant that the 15-year enhancement might not or would not apply because there was no conflict in the law at the time defendant rejected the plea-deal. Specifically, he argues that the appellate court decisions which ruled that the 15-year enhancement did not apply did not yet exist and *People v. Hauschild*, 226 Ill. 2d 63 (2007), "unambiguously held that an amendment to one statute in a proportionate penalties comparison revived the offense in the other statute."

¶ 14    "[A]t a third-stage evidentiary hearing, the defendant must show, by a preponderance of the evidence, a substantial violation of a constitutional right." *People v. Williams*, 2017 IL App (1st) 152021, ¶ 22. "When a petition is advanced to a third-stage, evidentiary hearing, where

5

fact-finding and credibility determinations are involved, we will not reverse a circuit court's decision unless it is manifestly erroneous." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). However, where pure questions of law are presented, we generally apply a *de novo* standard of review. *Id.* "Typically, review of a claim of ineffective assistance of counsel involves a mixed question of law and fact, and therefore, a hybrid standard of review would apply." *People v. Phillips*, 2017 IL App (4th) 160557, ¶ 55.

¶ 15        "To establish a claim of ineffective assistance of counsel, a defendant must prove both deficient performance and prejudice." *People v. Smith*, 195 Ill. 2d 179, 187-88 (2000). "Counsel's performance is measured by an objective standard of competence under prevailing professional norms." *Id.* at 188. "[T]he effectiveness of *** counsel must be assessed against an objective standard of reasonableness from the perspective of the time of the alleged error and without hindsight." *People v. Reed*, 2014 IL App (1st) 122610, ¶ 66. "To prevail, a defendant must satisfy both the performance and prejudice prongs of Strickland." *People v. Evans*, 209 Ill. 2d 194, 220 (2004).

¶ 16        As defendant points out, the appellate court decisions which trial counsel apparently referenced in his testimony as support for his position that the enhancement did not apply— *People v. Blair*, 2012 IL App (3d) 100743-U and *People v. Gillespie*, 2012 IL App (4th) 110151)—did not exist until after defendant's trial and could not have been the basis for his advice to defendant. However, that does not mean there was no legal support for trial counsel's position that the enhancement may not apply or that there was no conflict regarding the application of the enhancement. Although there was no conflict amongst the appellate courts at the time trial counsel was advising defendant regarding the plea, there was a conflict between his interpretation of the law and the State's and there was a legal basis for this conflict.

6

¶ 17    Notably, defendant testified that counsel predicated his advice, in part, on *Hauschild*. The parties do not dispute that in *Hauschild*, 226 Ill. 2d at 86-87, our supreme court determined that the 15-year firearm enhancement for armed robbery while armed with a firearm was unconstitutional because it punished identical conduct more harshly than the offense of armed violence predicated on robbery with a category I or category II weapon. Subsequently, the legislature, through Public Act 95-688 (eff. Oct. 23, 2007), amended the armed violence statute so that armed robbery would not serve as a predicate offense for armed violence. However, it did not amend the armed robbery statute or reenact the15-year firearm enhancement for armed robbery. The failure to act on the armed robbery statute is what led the courts in *Blair*, 2012 IL App (3d) 100743-U, ¶ 9, and *Gillespie*, 2012 IL App (4th) 110151, ¶ 52, to determine that Public Act 95-688 did not revive the 15-year enhancement. Although those cases did not exist at the time defendant was advised about the applicability of the enhancement, the caselaw underpinning those decisions did exist. See generally *Blair*, 2012 IL App (3d) 100743-U (citing *Hauschild*, 226 Ill. 2d 63 (2007) and *People v. Manuel*, 94 Ill. 2d 242 (1983)); *Gillespie*, 2012 IL App (4th) 110151 (same).

¶ 18    It was not until *People v. Blair*, 2013 IL 114122, ¶ 32, that our supreme court made clear that in the face of an identical elements proportionality violation the legislature can remedy the constitutional violation and revive the unconstitutional statute by amending the comparison statute, as the legislature did in Public Act 95-688. Our supreme court's decision in *Blair* did not exist until after trial and sentencing in this matter and until that decision was released, it was up for debate whether, in relation to a proportionate penalties violation, the statute deemed unconstitutional needed to be amended to revive it or whether an amendment to the comparison statute would suffice. Thus, contrary to defendant's argument, *Hauschild* did not *unambiguously*

7

hold that an amendment to one statute in a proportionate penalties comparison revived the offense in the other statute. If *Hauschild* had been unambiguous in this regard, there would not have been a split in the appellate courts on the issue and the supreme court would not have had to make it clear in *Blair*. Thus, while the appellate court cases did not exist when trial counsel advised defendant of his belief that the enhancement did not apply, there certainly was room for interpretation of the existing law on this issue and he cannot be faulted for advising defendant of the conflict between his interpretation of the law and the State's. In fact, it was his duty to do so, and the court specifically found that he addressed the conflict with defendant prior to trial and defendant was aware of the conflict. See *e.g.*, *People v. Curry*, 178 Ill. 2d 509, 528 (1997) ("[A] criminal defense attorney has the obligation to inform his or her client about the maximum and minimum sentences that can be imposed for the offenses with which the defendant is charged."). Thus, in light of the state of the law at the time counsel provided advice to defendant regarding the enhancement, we cannot say his performance regarding that advice was deficient. Thus, defendant failed to prove by a preponderance of the evidence that counsel provided ineffective assistance and the court properly denied his postconviction petition.

¶ 19                                  III. CONCLUSION

¶ 20          The judgment of the circuit court of Peoria County is affirmed.

¶ 21          Affirmed.